NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3320

DESIREE M. BROWN,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: January 12, 2006

_____

Before MICHEL, <u>Chief Judge</u>, GAJARSA, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Desiree M. Brown ("Brown") appeals from the final order of the Merit Systems Protection Board ("Board") affirming the removal decision of the Department of Veterans Affairs ("Agency").  <u>See</u> <u>Brown v. Dep't of Veterans Affairs</u>, No. SF-0752-04-0577-I-1 (M.S.P.B. July 25, 2005) ("Final Order"); <u>Brown v. Dep't of Veterans Affairs</u>, No. SF-0752-04-0577-I-1 (M.S.P.B. Oct. 20, 2004) ("Initial Decision").  Because the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence, we <u>affirm</u>.

## I. BACKGROUND

This appeal arises from a series of events beginning in December 2003 that resulted in a notice of proposed removal dated March 2, 2004. The notice of proposed removal contained four charges. Charge I was that Brown failed to follow instructions and displayed insubordinate behavior towards her supervisor; five specifications supported Charge I, all relating to Brown's failure to retrieve voicemails and attend meetings and training sessions as instructed. Charge II was that Brown delayed in performing or was unwilling to perform assigned tasks; three specifications supported Charge II, relating to Brown's stated unwillingness to retrieve voicemails and Brown's reluctance to attend a training session. Charge III was that Brown misrepresented facts on a government application in order to obtain employment; one specification supported Charge III, relating to Brown's answering "No" to Question 11 on Declaration for Federal Employment ("Declaration"). Charge IV was also that Brown misrepresented employment facts on a government application; one specification supported Charge IV, relating to Brown's indication of Iverson as Brown's supervisor at the Department of Defense ("DoD") on Optional Application for Federal Employment (OF 612) ("Application").

After conducting a hearing at which Brown chose not to testify, the Administrative Judge ("AJ") found that the Agency established by a preponderance of the evidence that there was a factual basis for each charge, and sustained the removal decision. The Initial Decision became the Final Decision of the Board on July 25, 2005, after the Board denied Brown's petition for review. Brown timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.  DISCUSSION

### A.  Standard of Review

Pursuant to 5 U.S.C. § 7703(c), this court must affirm the Board's decision unless it is:  (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;  (2) obtained without procedures required by law, rule or regulation having been followed;  or (3) unsupported by substantial evidence.  Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).  The petitioner bears the burden of establishing reversible error in the Board's decision.  Id.

### B.  Analysis

On appeal, Brown makes four arguments.  First, Brown argues that in sustaining Charges I and II, the AJ failed to consider that she was required to perform many duties other than the ones that she refused to perform, that she had issues of workload distribution, that the Agency repeatedly denied her leave requests, and that the Agency expected her to work in isolation.  Second, Brown asserts that in sustaining Charges III and IV, the AJ applied the wrong law in determining that she misrepresented facts on the Declaration and Application, because at the time she filled them out, an AJ decision of May 22, 2002, was in force, which stated that there was a binding settlement agreement which ended Brown's tenure at DoD.  Third, Brown argues that the AJ failed to consider the effects on Brown of upholding the removal decision, i.e., loss of wages, benefits, and employment opportunities.  Finally, Brown asserts that it was error for the AJ not to grant Brown's motion to disqualify.

The Board did not err in upholding the decision to remove Brown.

As to Charges I and II, substantial evidence supports the finding that Brown refused to follow instructions, and was unwilling to perform work assigned to her. Brown does not dispute the facts underlying these charges, but instead asserts that the Board erred by not giving more weight to her explanations. However, the Board acknowledged the explanations, and concluded that they did not excuse her actions. Because Brown has not cited any evidence to cause us to question the Board's factual conclusions, and those conclusions are otherwise supported by evidence, we will not disturb the Board's findings. See Dickey v. Office of Pers. Mgmt., 419 F.3d 1336, 1339 (Fed. Cir. 2005) ("'Substantial evidence' is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citation omitted)).

As to Charge III, Question 11 on the Declaration required Brown to indicate whether "you [were] fired from any job for any reason, . . . [or whether ] you [left] any job by mutual agreement because of specific problems." Relying on the testimony of Agency officials, the AJ found that if Brown believed that an earlier settlement agreement was in force, then she was obligated to indicate that she left the job by "mutual agreement;" but that if Brown believed that she had revoked the settlement agreement, then she was obligated to indicate that she had been "fired." The AJ found that either way, Brown misrepresented a fact by indicating "No" next to Question 11. Substantial evidence supports this conclusion. As noted by the AJ, even if the settlement agreement was in place when Brown completed the Declaration, as Brown appears to now argue, a reasonable person would have known to indicate that they left a job by "mutual agreement." There is no lingering legal question here. As to Charge IV, substantial evidence supports the conclusion that Brown misrepresented the identity

05-3320                                        4

of her DoD supervisor. Brown should have identified either Evans (as required by the settlement agreement), or Richardson (Brown's DoD supervisor before removal). She did not identify either person.

As to the argument that the AJ did not account for pecuniary and non-pecuniary factors like lost wages, benefits, and future employment opportunities in upholding the removal decision, these factors are irrelevant both in determining whether the Board's decision to sustain the charges is supported by substantial evidence, and in determining whether removal was unreasonable under the Douglas factors. Finally, we find no error in the decision of the AJ to deny Brown's motion to disqualify. Although "[a] party may file a motion asking the judge to withdraw on the basis of personal bias or other disqualification . . . , [t]he reasons for the request must be set out in an affidavit or sworn statement under 28 U.S.C. 1746." 5 C.F.R. § 1201.42(b) (2005). Because Brown failed to set out the request in an affidavit or a sworn statement, the AJ properly denied the motion.

## III. Conclusion

Because the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence, we affirm.